IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LUCINDA VINE, KRISTY POND, on behalf of themselves and for all others similarly situated, | § § § | |
| Plaintiffs, | § § | Civil Action No. 3:16-CV-00031-PRM |
| v. | § § | JURY DEMANDED |
| PLS FINANCIAL SERVICES, INC. and PLS LOAN STORE OF TEXAS, INC. Defendants | § § § § | |

## PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Lucinda Vine and Kristy Pond on behalf of themselves and for all other members of the class herein, Plaintiffs herein, and file this First Amended Class Action Complaint against PLS FINANCIAL SERVICES, INC., and PLS LOAN STORE OF TEXAS, INC. (collectively referred to as "PLS") herein, and in support thereof, show the Court the following:

### PARTIES AND SERVICE

1. Plaintiff Lucinda Vine is an individual and a citizen of the State of Texas.

2. Plaintiff Kristy Pond is an individual and a citizen of the State of Texas.

3. Defendant PLS FINANCIAL SERVICES, INC., was served and made an appearance in this case.

4. Defendant PLS LOAN STORE OF TEXAS, INC. was served and made an appearance in this case.

### VENUE

5. Venue is proper under Section 15.002(a)(1) of the Tex. Civ. Prac. and Rem. Code because a substantial part of the events or omissions giving to rise to the claims asserted herein occurred in El Paso County, Texas.

## CLASS ACTION ALLEGATIONS

6. Plaintiffs Lucinda Vine and Kristy Pond on behalf of themselves and for all other members of the class herein bring this lawsuit on behalf of themselves and the proposed Class under Federal Rule of Civil Procedure 23 and any other applicable Federal or State laws or rules of civil procedure.  In addition to all recoverable damages for Class Members, this action seeks recovery of attorneys' fees, and any and all other damages, in law or in equity, arising from PLS's actions.

7. The proposed Class definition is as follows:

All residents of the State of Texas who received a "deferred presentment transaction" or payday loan as defined by Tex. Fin. Code §393.221 from PLS in the State of Texas and PLS's pursuit of criminal actions or criminal charges to collect or recover the loan.

8. The Class Period dates back four (4) years (or the length of the longest applicable statute of limitations for any claim asserted) from the date this action was commenced and continues through the present and the date of judgment. Any causes of action with a two (2) year statute of limitations period are tolled by the Discovery Rule.

9. This Class is so numerous that joinder of all members of the Class is impracticable. Fed. R. Civ. P. 23(a)(1).  The precise number of the Class is believed to exceed 1,000 people.  The precise number of members in the Class and their identities and addresses may be easily ascertained from PLS's records.  If deemed necessary by the Court, members of the class may be notified of the pendency of this action by mail, supplemented by published notice.

10. The proposed Class is ascertainable.  The litigation of the questions of fact and law involved in this action will resolve the rights of all members of the Class and hence will have binding effect on all Class Members.  These Class Members can be readily identified from PLS's records, public records and other means readily available to Defendants, and thus the Plaintiffs, through minimally intrusive discovery.

11. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. These common questions of law and fact exist as to all members of the class and predominate over the questions affecting only individual members of the class. Fed. R. Civ. P. 23(a)(2). These common legal and factual questions include, without limitation:

    a. Whether Defendants illegally and wrongfully used the criminal justice system to collect payday loans through the wrongful filing of criminal charges;

    b. Whether Defendants illegally and wrongfully threatened its customers with criminal prosecution for failure to repay payday loans which is a violation of Texas Finance Code §392.301, as well as Texas Penal Code Chapters 31 and 32; and

    c. Whether Defendants illegally and wrongfully classified post-dated or hold checks as bad checks and pursued criminal charges against its customers in violation of Texas Finance Code §393.201, as well as Texas Penal Code Chapters 31 and 32.

12. The claims of Plaintiffs are typical of the claims of all the Class Members. Fed. R. Civ. P. 23(a)(3). Plaintiffs and all Class Members received payday loans and PLS threatened and/or filed criminal charges against Plaintiffs and all Class Members to recover payment for the payday loans, in violation of the law.

13. Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class. Fed. R. Civ. P. 23(a)(4). Plaintiffs do not have any interests that are antagonistic to those of the proposed Class. Plaintiffs have retained counsel competent and experienced in the prosecution of this type of litigation.

14. The proposed Class has a well-defined community of interest in the questions of fact and law to be litigated. The common questions of law and fact predominate with respect to the liability issues, relief issues and anticipated affirmative defenses. The named Plaintiffs have claims typical of the class members. Without limitation, as a result of PLS's conduct alleged herein, Plaintiffs and all Class Members received payday loans and Defendants threatened

and/or filed criminal charges against Plaintiffs and all Class Members to recover payment for the payday loans.

15. A class action is the superior method for fair and just adjudication of this controversy. The expense and burden of individual suits makes it impossible and impracticable for members of the proposed Class to prosecute their claims individually. Class adjudication will conserve judicial resources and will avoid the possibility of inconsistent rulings. Individualized litigation increases the delay and expense to all parties and the court system presented by the complex legal and factual issues of the case. By contrast, class adjudication presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## FACTS
### Defendants' Illegal and Dishonest Business Model

16. PLS provides short term loans to borrowers who are required to present a post-dated or a blank personal check for the amount borrowed plus the finance charge.

17. PLS tells its customers it will not deposit the check and only needs the check to verify the customer has a bank account.

18. When a borrower missed a payment, PLS deposited the post-dated or hold check knowing there would be insufficient funds.

19. The checks deposited by PLS were post-dated or hold checks.

20. After the check bounced, PLS began threatening the borrowers with criminal prosecution in violation of Texas Finance Code §392.301, as well as Texas Penal Code Chapters 31 and 32.

21. If the borrower did not immediately, completely repay the loan, PLS took the bounced post-dated or hold check to the local district attorney's office and represented to the district attorney the borrower committed theft by check.

22. PLS knows pursuing theft by check charges for the post-dated or hold checks violates the Texas Finance Code, Texas Penal Code, and the Texas Constitution.

23. PLS knows pursuing theft by check charges for the post-dated or hold checks violates the rules set forth by the prosecutors' offices.

24. PLS knowingly, fraudulently, and falsely filed criminal charges against borrowers. This is not only a violation of Texas law, it erodes the quality, consistency, and authority of the criminal justice system. Unlawful use of state prosecutors and courts as debt collection agencies undermines the integrity of these agencies.

## CAUSES OF ACTION

25. Plaintiffs re-allege each and every allegation contained in this Petition as though fully set forth herein.

### First Cause of Action – Malicious Prosecution

26. PLS wrongfully initiated criminal proceedings against Lucinda Vine, Kristy Pond and the remaining class members. The proceeding was instituted at the instance of PLS and PLS acted with malice. PLS did not have probable cause to initiate the criminal proceedings and the proceedings were terminated in Plaintiffs' favor. Lucinda Vine, Kristy Pond and the remaining class members suffered actual and special injury as a result of the proceedings.

### Second Cause of Action – DTPA Violations

27. The transactions and occurrences outlined above constitute violations of the Deceptive Trade Practices—Consumer Protection Act ("DTPA"). PLS's actions violate numerous provisions of Section 17.46 of the Texas Business & Commerce Code. For example, Section 17.46 (13) "failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed" constitutes a false, misleading, or deceptive act under the DTPA. See

Tex. Bus. & Com. Code Ann. § 17.46 (24). When PLS entered into the payday loan with Lucinda Vine, Kristy Pond and the remaining class members it failed to disclose it would use the post-dated or blank hold checks to criminally prosecute them in violation of Texas law.

28. As a consequence of PLS's acts and omissions Plaintiffs are entitled to recover economic damages. Moreover, PLS acted knowingly and intentionally, as those terms are used in Section 17.50(b)(1) of the DTPA. As a consequence of PLS's knowing and intentional acts and omissions, Plaintiffs are entitled to recover actual damages for mental anguish, as well as additional damages. Plaintiffs are also entitled to recover their reasonable and necessary attorneys' fees and costs incurred in prosecuting their claims against PLS.

29. Further, Tex. Finance Code §392.404 provides that "[a] violation of [Chapter 392 of the Texas Finance Code] is a deceptive trade practice actionable under Subchapter E, Chapter 17, Business & Commerce Code." As set forth below, PLS violated Section §392.301 Texas Finance Code. Therefore, PLS committed a DTPA violation and Plaintiffs are entitled to recover all damages allowed under the DTPA.

30. Pursuant to Section 17.501 of the of the Texas Business & Commerce Code, Plaintiffs provided notice to the consumer protection division of the Texas Attorney General and requested that the Texas Attorney General intervene in this case to protect the consumers of the State of Texas.

### Third Cause of Action – Fraud

31. PLS made representations to Plaintiffs, and the district attorneys' offices, and the courts around the state of Texas that the post-dated checks were theft by check, that PLS could pursue criminal charges against Plaintiffs, and that Plaintiffs violated criminal law. PLS knew these representations were false. PLS made these representations so Plaintiffs, the district attorney's offices, and the courts would act on them and they caused Plaintiffs' damages.

32. PLS made false, material misrepresentations to Plaintiffs and all potential Plaintiffs with the intent Plaintiffs act on such misrepresentations. Specifically, PLS represented it would not attempt to cash the hold checks and the checks were only for the purpose of determining there was a viable bank account. PLS knew, at the time such representations were made, it would cash the checks illegally if the loan was not paid. PLS either knew the representations were false or made the representations recklessly, as a positive assertion, and without knowledge of the truth. Plaintiffs and all potential Plaintiffs relied on said misrepresentations and said misrepresentations caused them to sustain damages. Because of PLS' fraud, Plaintiffs and potential Plaintiffs are entitled to punitive damages.

### Fourth Cause of Action- Violation of Texas Finance Code §392.301

33. Tex. Finance Code §392.301 provides:

(a) In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices:

    (5) threatening that the debtor will be arrested for nonpayment of a consumer debt without proper court proceedings;

    (6) threatening to file a charge, complaint, or criminal action against a debtor when the debtor has not violated a criminal law.

34. PLS not only threatened Lucinda Vine, Kristy Pond and the remaining class members with criminal prosecution for failure to repay their payday loans, PLS actually made misrepresentations to prosecutors and judges so criminal charges would be filed.

35. PLS's actions violate Section 392.301 of the Texas Finance Code and PLS's actions caused the damages of Lucinda Vine, Kristy Pond and the remaining class members.

### DAMAGES

36. PLS is liable to Plaintiffs and Plaintiffs are entitled to recover the following damages:

    a. Actual damages;

    b.     All DTPA damages;

    c.     Punitive damages;

    d.     Reasonable attorney's fees; and

    e.     Court costs.

37.    Therefore, in accordance with the Texas Finance Code, the Texas Deceptive Trade Practices Act, and Texas Common Law, Plaintiffs seek all actual damages, punitive damages, attorney fees, and any other relief allowed under Texas law and deemed appropriate by this Court, which is believed to exceed the jurisdictional requirement of this court.

## CONDITIONS PRECEDENT

38.    All conditions have been performed or occurred for all claims asserted herein.

## DEMAND FOR TRIAL BY JURY

39.    Plaintiffs hereby demand trial by jury on all claims for which the law provides a right to jury trial.

## PRAYER FOR RELIEF

40.    WHEREFORE, PREMISES CONSIDERED, Lucinda Vine and Kristy Pond Plaintiffs herein, on behalf of themselves and those similarly situated, respectfully pray:

    a) That the Court enter an order certifying this action as a Class Action;

    b) For actual damages in an amount to be determined by a jury;

    c) For exemplary and punitive damages according to proof;

    d) For costs of suit incurred herein, including reasonable attorneys' fees; and

    e) For such other and further relief, in law or in equity, to which Plaintiffs and those similarly situated may be justly entitled and this Court deems just and proper.

        Respectfully Submitted,

        */s/ H. Mark Burck*

BY: _____
        H. Mark Burck
        SBN: 03362700
        Federal ID No. 7423
HANSZEN LAPORTE, LLP
11767 Katy Freeway, Suite 850
Houston, TX   77079
Telephone:  (713) 522-9444
Facsimile:  (713) 524-2580
E-Mail:  mburck@hanszenlaporte.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

        M. Mitchell Moss
        SBN: 00784647
        E-mail: mmos@scotthulse.com
        Priscilla Marquez
        SBN: 24076531
        E-mail: pmar@scotthulse.com
SCOTT HULSE, P.C.
201 E. Main Dr., Suite 1100
El Paso, TX 79901
Telephone: (915) 533-2493
Facsimile: (915) 546-8333
**CO-COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

    The certify that on March 11, 2016, a true and correct copy of ***Plaintiffs' First Amended Class-Action Complaint*** was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney(s) in charge:

Richard Bonner                                                                *Via CM/ECF*
Mark N. Osborn
Shelly W. Rivas
Kemp Smith, LLP
P.O. Box 2800
El Paso, TX 79999-2800
**Attorneys for Defendants**

        */s/ H. Mark Burck*
        H. MARK BURCK