# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUCINDA VINE, KRISTY POND, on behalf of themselves and all others similarly situated, <br><br> v. <br><br> PLS FINANCIAL SERVICES, INC. and PLS LOAN STORE OF TEXAS, INC. | § § § § § § § § § | Civil Action No. 4:18-cv-450 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants PLS Financial Services, Inc. and PLS Loan Store of Texas, Inc.'s (collectively, "PLS") Motion to Reconsider Denial of Motion to Compel Arbitration and Stay [Dkt. #110], which, after careful consideration, will be denied.

## BACKGROUND

PLS is a short–term loan provider. To qualify for a PLS loan, borrowers must present a post–dated or blank personal check for the amount borrowed in addition to a finance charge. PLS tells borrowers it will not deposit the check or pursue criminal charges to recover the loan. But when a borrower misses a payment, PLS will deposit the check, threaten her with criminal prosecution if the check bounces, and misrepresent to the local district attorney that her check was meant to be cashed. The borrower will then receive letters from the district attorney advising her to pay PLS or face criminal charges. Plaintiffs Lucinda Vine and Kristy Pond have filed a class action lawsuit in the Western District of Texas against PLS on behalf of borrowers who received such letters.

PLS responded by moving to compel arbitration (Dkt. #18; Dkt. #19). PLS notes that, when a borrower enters a loan contract, she agrees to arbitrate any claims against PLS. These agreements are governed by the Federal Arbitration Act. The Western District Court denied the

motion, finding that PLS is not permitted to compel arbitration because PLS substantially invoked the judicial process first. It reasoned that, by informing the district attorney of Plaintiffs' bounced checks, PLS "initiated a process that invites Texas district attorneys' offices to address issues that are at stake in the instant litigation." *See Vine v. PLS Financial Srvs., Inc.*, 226 F.Supp.3d 719, 727–29 (W.D. Tex. 2016), *aff'd*, 689 F. App'x 800, 807 (5th Cir. 2017). PLS moved to reconsider the Order (Dkt. #44), unsuccessfully, *see Vine v. PLS Financial Srvs., Inc.*, 226 F.Supp.3d 708, 719 (W.D. Tex. 2016),[1] and appealed the decision to the Fifth Circuit. PLS argued that "the district court erred by: (1) deciding whether PLS waived its right to compel arbitration by participating in litigation conduct; (2) ignoring the parties' express agreement to arbitrate all disputes, including any litigation–conduct waiver claims; and (3) concluding that PLS waived its right to arbitrate by submitting worthless check affidavits." *See Vine v. PLS Financial Srvs., Inc.*, 689 F. App'x 800, 802 (5th Cir. 2017). But the Fifth Circuit was unpersuaded, and affirmed the decision. *See id.* at 801–07.

The Texas Supreme Court has since found that a short–term loan provider does not waive its right to arbitration by submitting unpaid checks and affidavits to local district attorneys, the Fifth Circuit's decision notwithstanding. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 118 (Tex. 2018), *cert denied.*, 139 S.Ct. 184 (2018). The Western District Court indicated that the Texas Supreme Court's decision was not binding (Dkt. #117, Exhibit 2 at pp. 5–6) but invited the parties to submit briefs on whether the motion to compel arbitration should be reconsidered. PLS has since filed a second motion to reconsider in light of the Texas Supreme Court's decision in *Cash Biz*. Because the case was transferred to this District before the motion was resolved, it is now before this Court.

---

[1] The Orders on the Motion to Compel Arbitration and the First Motion to Reconsider were entered before the case was transferred to this District.

2

## LEGAL STANDARDS

A motion seeking reconsideration may be construed under Federal Rule of Civil Procedure 54(b), 59(e), or 60(b) depending on the circumstances. "The Fifth Circuit recently explained that 'Rule 59(e) governs motions to alter or amend a final judgment,' while 'Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action.'" *Dolores Lozano v. Baylor Univ.*, No. 6:16-CV-403-RP, 2018 WL 3552351, at *1 (W.D. Tex. July 24, 2018) (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)). Further, "'[i]nterlocutory orders,' such as grants of partial summary judgment, 'are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires [pursuant to Rule 54(b)]." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985)) (citing *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 585, 862 (5th Cir. 1970)).

Because this is a motion seeking reconsideration of an interlocutory order, the Court uses Federal Rule of Civil Procedure 54(b). "Federal Rule of Civil Procedure 54(b) provides that, in a case involving multiple claims or parties, 'any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities or fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Blundell v. Home Quality Care Home Health Care, Inc.*, No. 3:17-cv-1990-L-BN, 2018 WL 276154, at *4 (N.D. Tex. Jan. 3, 2018) (quoting FED. R. CIV. P. 54(b)). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool*

*Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), abrogated on other grounds, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)).

## ANALYSIS

PLS asks the Court to reconsider two Orders finding that PLS waived its right to compel arbitration by sending false affidavits against Plaintiffs to local district attorneys (the "Prior Orders"). It reasons that, although the Fifth Circuit affirmed these district court orders, *see Vine*, 689 F. App'x at 802, they warrant reconsideration in light *Cash Biz*, a Texas Supreme Court case that expressly disagrees with the Fifth Circuit prior decision to affirm. *See Cash Biz*, 551 S.W.3d at 118–19 ("We recognize that our opinion does not accord with the decision in *Vine*.").

The Court declines to reconsider the Prior Orders pursuant to the law–of–the–case doctrine. Under this doctrine, district courts are "[to] abstain[] from reexamining an issue of fact or law that has already been decided on appeal." *United States v. Teel*, 691 F.3d 578, 582–83 (5th Cir. 2012) (citing *United States v. Carales–Villata*, 617 F.3d 342, 344 (5th Cir. 2010)). This means that, after an appellate court has ruled on an issue in the case, the district court may not reconsider any "'issues [the appellate court] decided both expressly and by necessary implication'" or any "'other issues arising out of [the appellate court] ruling [that were] not raised" but could have been. *See id.* (quoting *United States v. Pineiro*, 470 F.3d 200, 205 (5th Cir. 2006) (per curiam)).[2]

The law–of–the–case doctrine is "subject to an exception [PLS] urge[s] here: that 'there has been an intervening change of law by a controlling authority.'" *See id.* at 583 (quoting *United States v. Matthews*, 312 F.3d 652, 657 (2002)). But, as the Western District Court previously indicated (*see* Dkt. #117, Exhibit 2 at pp. 5–6), the Texas Supreme Court's decision in *Cash Biz*

---

[2] The Court acknowledges that the law–of–the–case doctrine is technically "'a discretionary practice'" that "'expresses the practice of courts generally to refuse to reopen what has been decided.'" *See United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002) (quoting *Tollett v . City of Kernah*, 285 F.3d 357, 363 (5th Cir. 2002)). But the Court sees no reason not to apply this best practice here.

4

does not amount to an intervening change of law. The United States Supreme Court has long held that, when deciding issues unique to arbitration contracts, courts are to apply the principles established by federal common law. *See Perry v. Thomas*, 482 U.S. 483, 492 n.9 (1987). The Supreme Court reasons that:

> The text of § 2 provides the touchstone for choosing between state–law principles and the principles of federal common law envisioned by the passage of that statute: An agreement to arbitrate is valid, irrevocable, and enforceable, *as a matter of federal law,* see *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983), "save upon such grounds as exist at law or in equity for the revocation of *any* contract." 9 U.S.C. § 2 (emphasis added). Thus state law, whether of legislative or judicial origin, is applicable *if* that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally. A state–law principle that takes its meaning precisely from the fact that a contract to arbitrate is at issue does not comport with this requirement of § 2.

*See id* (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967); *Southland Corp. v. Keating,* 465 U.S. 1, 16–17 & n. 11 (1984)) (emphasis in original). Because substantial invocation doctrine applies only to agreements to arbitrate, federal substantive law applies. *See Miller Brewing Co. v. Fort Worth Distributing Co., Inc.*, 781 F.2d 494, 497 & n.4 (5th Cir. 1986) (citing *Prima Paint*, 388 U.S. at 402–08; *In re Mercury Const. Corp.*, 658 F.2d 933, 938–41 (4th Cir. 1981), *aff'd*, *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23 (1983); *E.C. Ernst, Inc. v. Manhattan Const. Co. of Texas*, 551 F.2d 1026, 1040 (5th Cir. 1977)) (finding that the substantial invocation doctrine is a "matter of federal substantive law").[3] The Texas Supreme Court's decision in *Cash Biz* is thus not an "intervening change in law" excepted from the law–of–the–case doctrine.[4] *See Teel*, 691 F.3d at 583 (noting that the change in law must be decided by a "controlling authority").

---

[3] *See also Wellogix, Inc. v. SAP America, Inc.*, 58 F.Supp.3d 766, 776 n.45 (S.D. Tex. 2014) (describing the Fifth Circuit's articulation of the substantial invocation rule as "*federal law* in the arbitration context") (emphasis added).
[4] Defendants note that Plaintiff did not previously argue that federal law governs this issue. This point is not well–taken on a (second) motion to reconsider.

5

PLS maintains that reconsideration is warranted since *Cash Biz* concerns substantially similar facts and Texas Supreme Court cases remain highly persuasive authority. While that may be true, nothing suggests that the Fifth Circuit would now find that PLS did not substantially invoke the judicial process. The Fifth Circuit, in fact, expressly rejected the Texas appellate court decision affirmed in *Cash Biz* "despite [its] obvious factual similarities." *See Vine*, 689 F. App'x at 806. This is because:

> As the dissent in *Cash Biz* aptly noted, here, "we are presented with the unique situation of a civil lawsuit and a criminal proceeding, both of which arise out of the same civil debt." *Cash Biz*, 2016 WL 4013794, at *10 (Martinez, J., dissenting). Moreover, it is alleged that the criminal proceedings were an integral component of PLS's litigation strategy to collect on outstanding debt. If PLS attempted to "game the system" by initiating theft by check proceedings in place of submitting collection actions to an arbitrator, PLS should not be allowed "a second bite at the apple through arbitration" to resolve related issues. *See Cargill Ferrous Int'l v. SEA PHX. MV*, 325 F.3d 695, 701 (5th Cir. 2003) ("Under the facts of this case, it is clear Serene is not gaming the system by seeking a win at trial, and in the case of loss, anticipating a second bite at the apple through arbitration.").
>
> In addition, we also agree with the *Cash Biz* dissent that the majority in that case did not sufficiently consider the critical role that the Defendant played in the criminal proceedings as the complainant. *See Cash Biz*, 2016 WL 4013794, at *10 (Martinez, J., dissenting) ("[W]hile the formal parties in a criminal proceeding are the defendant and the State of Texas, the victim or complaintant [sic] has a personal interest in the prosecution and thus plays a unique role in criminal proceedings."). Here, Vine and Pond allege that PLS had a great "personal interest in the prosecution" as it constituted a means to achieve repayment of its loans while avoiding arbitration. Furthermore, documents incorporated by reference into Vine and Pond's complaint arguably show that PLS drove all theft by check criminal proceedings when it submitted the worthless check affidavits to local district attorneys' offices. In other words, had PLS not submitted the worthless check affidavits, "no criminal prosecution would have occurred." *See id*. at *9 (Martinez, J., dissenting).
>
> Therefore, by allegedly submitting false worthless check affidavits, PLS "invoke[d] the judicial process to the extent it litigate[d] a specific claim it subsequently [sought] to arbitrate." *See Subway Equip. Leasing Corp.*, 169 F.3d at 328. As the district court made clear, "Defendants have initiated a process that invites Texas district attorneys' offices to address issues that are at stake in the instant action." Most obviously, all claims involve whether PLS misled or threatened Vine, Pond,

6

and the class of PLS customers they purport to represent in order to obtain outstanding debt owed to PLS.

*See id.* at 806–07.[5]

For these reasons, the Court will not disturb the Prior Orders or the Fifth Circuit's decision to affirm them.[6]

## CONCLUSION

Accordingly, Defendants' Motion to Reconsider Denial of Motion to Compel Arbitration and Stay [Dkt. #110] is **DENIED**.

**SIGNED this 25th day of March, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[5] PLS argues that the Prior Orders were "based, in part, on the incorrect notion that Defendants had *initiated* criminal proceedings against Plaintiffs" (Dkt. #110 at p.17). But, even assuming this is the case, the Court fails to see how this allegation would compel a different result. The Fifth Circuit plainly acknowledged that PLS only "initiated" the criminal proceedings by "initiat[ing] a process that invites Texas district attorneys' offices to address issues that are stake in the instant litigation." *See Vine*, 689 F. App'x at 806.

[6] The Court therefore does not address Plaintiffs' arguments that this case is distinguishable from *Cash Biz*.