IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUCINDA VINE, KRISTY POND, on behalf of themselves and for all others similarly situated, | § § § § | |
| | § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:18-CV-450 |
| | § | |
| PLS FINANCIAL SERVICES, INC., and PLS LOAN STORE OF TEXAS, INC., | § § | |
| | § § | |
| Defendants. | § | |

## DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPEALS

Defendants PLS Financial Services, Inc. and PLS Loan Store of Texas, Inc. (collectively, "Defendants") hereby move to stay proceedings before this Court pursuant to Fed. R. Civ. P. 23(f) and 62(c) and Fed. R. App. P. 8(a)(1), pending Defendants' interlocutory appeals to the United States Court of Appeals for the Fifth Circuit concerning this Court's orders denying Defendants' Motion to Reconsider Denial of Motion to Compel Arbitration and Stay (ECF No. 125) and granting Plaintiffs' Motion for Class Certification (ECF No. 127). In support of this Motion to Stay, Defendants state as follows:

### INTRODUCTION AND BACKGROUND

This Court recently denied Defendants' motion to reconsider the prior District Court's denial of their motion to compel arbitration (ECF No. 125) and granted in large part Plaintiffs' motion for class certification (ECF No. 127). This case is now poised to proceed through full class discovery, pretrial motions practice, and trial. Defendants, however, are appealing both orders on

1

the basis that the contracts governing this dispute prohibit Plaintiffs from litigating this case (1) in court and (2) as a class.[1]  If Defendants' arbitration appeal is decided in their favor, this entire case will be moved to arbitration, with any litigation to occur only in that forum.  And if Defendants' class certification appeal (but not the arbitration appeal) is decided in their favor, there will be no class discovery and Defendants will only litigate against the two named Plaintiffs.

Those appellate decisions in Defendants' favor and the underlying contractual rights, however, would lose most of their value if Defendants were forced to litigate against an entire class in this Court in the meantime.  That is particularly problematic here because Defendants' appeals are not mere formalities, unlikely to succeed on the merits.  Rather, both of Defendants' appeals raise serious legal issues, and are supported by substantial law.

In short, the character and very existence of this case remain unsettled until the Fifth Circuit rules on Defendants' appeals, and proceeding here in the meantime would largely eviscerate the very contractual rights Defendants seek to protect in those appeals.  Accordingly, this Court should stay all proceedings pending the Fifth Circuit's resolution of Defendants' appeals.  Only then can the parties and Court ensure that any remaining litigation proceeds in the appropriate forum, pursuant to the appropriate rules, and with the appropriate scope and parties.

## LAW & ARGUMENT

### Legal Standard.

This Court has discretion to stay proceedings before it pending appeals, including appeals of orders denying motions to compel arbitration and orders granting class certification. *Weingarten Realty Investors v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011); Fed. R. Civ. P. 23(f). The Court typically considers four factors in deciding a motion for such a stay:

---

[1] Defendants have asked that their appeals be consolidated and heard together.

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Weingarten*, 661 F.3d at 910; *Nieberding v. Barrette Outdoor Living, Inc.*, No. 12-2353-DDC-TJJ, 2014 WL 5817323, *1-2 (D. Kan. Nov. 10, 2014) ("Courts that have addressed motions to stay pending a rule 23(f) appeal are nearly universal in looking to the four-factor test . . . .").

However, as the prior District Court put it the last time Defendants moved for a stay pending appeal of its arbitration decision in this case, "the Court can forgo an analysis of the remaining three factors and institute a stay pending appeal if the first factor weighs so heavily in favor of that stay." ECF No. 53 at 20 (citing *In re Deepwater Horizon*, 732 F.3d 326, 345 (5th Cir. 2013)). That occurs "where there is a serious legal question involved and the balance of the equities heavily favors a stay." *Weingarten*, 661 F.3d at 910.

**Argument.**

    **A.**     **The Court Should Grant a Stay Because Defendants' Appeals Raise Serious Legal Questions that Tilt the Balance of Equities Heavily in Favor of a Stay.**

This Court need not even inquire into all four factors of the test because both of Defendants' appeals raise serious legal questions that tilt the balance of equities heavily in favor of a stay.

*The Arbitration Appeal.*

That is exactly what the prior District Court concluded in granting Defendants' last motion to stay pending appeal of the arbitration order. ECF No. 53 at 20. Defendants are now appealing again the exact same order, and their current appeal raises the exact same "'serious legal question[s]'" the prior District Court found merited a stay (*i.e.*, whether the submission of an affidavit and bad check to the DA's Office "substantially invokes the judicial process," such that it waives arbitration). *Id.* (quoting *Weingarten*, 661 F.3d at 910). In fact, that question is even

more "serious," the support even more substantial on the merits, and the balance of equities even more heavily in favor of a stay this time.  Since the District Court last found the question of whether Defendants' conduct waived arbitration sufficiently serious to merit a stay, the Texas Supreme Court has (1) agreed unequivocally with Defendants that the answer to that question is a resounding "***NO***," and (2) in the process, expressly rejected the very Texas state case law on which the prior District Court and Fifth Circuit based their contrary decisions.  *See Henry v. Cash Biz, LP*, 551 S.W.3d 111 (Tex. 2018); *see also* ECF Nos. 110 & 121 (motion for reconsideration and reply brief detailing Defendants' arguments and the effect of *Henry*).  That decision is all the more powerful in light of the well-established "strong presumption against finding a waiver of arbitration."  ECF No. 37 at 12 (quoting *Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 565 F.3d 416, 421-22 (5th Cir. 2014)).

Thus, Defendants' arguments on appeal have grown even stronger since the court last found them sufficiently strong and concerning a sufficiently serious legal question to merit a stay.  As a result, Defendants' appeal of the arbitration order, alone and again, raises more than sufficiently serious legal questions, such that the balance of equities heavily favors and merits a stay.

### *The Class Certification Appeal.*

Defendants' concurrent appeal of the Court's class certification order only tilts that balance even further in favor of a stay.  That appeal also raises serious legal questions, including (1) whether a contractual class-action waiver is limited to arbitration where, although the language appears in a box with arbitration terms, that language expressly refers to a "waiver of class action lawsuit and class-wide arbitration,"  the box includes other terms that could only apply outside arbitration, there is no right to class-wide arbitration, it is illogical to seek waiver of class treatment

only in arbitration and not in court, and even if the class waiver was ineffective as to the named Plaintiffs, it would merely create an additional individualized inquiry as to other class members; (2) whether courts may infer from the fact that class members paid the DA's Office that class members paid in reliance on a small-print line in the middle of a small-print paragraph of pre-printed language on a form affidavit when that line is contradicted by a larger-print, all-caps, hand-written line in the same affidavit, and when the DA's Office's cover letter (but not Defendants' representation) threatens criminal prosecution without payment; and (3) whether individualized damage calculations defeat class certification where the plaintiffs have neither provided any mathematical or formulaic calculation that would enable class-wide calculation of such damages nor requested bifurcation. *See* Defs.' Pet. for Permission to Appeal Pursuant to Fed. R. Civ. P. 23(f) (filed in Fifth Circuit Apr. 15, 2019), attached hereto as Exhibit 1. There is substantial support for Defendants' arguments on all three of those points, including contract-interpretation principles long recognized by both the Fifth Circuit and Texas, material differences between this case and cases concerning fraudulent intent and inferences of reliance, and Fifth Circuit precedent on the effect of damage variations on class certification. *See id.*[2]

In short, Defendants' two appeals are inextricably intertwined, and both raise serious legal questions that tilt the balance of equities heavily in favor of a stay pending resolution of those appeals. The prior court in this very case granted a stay based on the exact same issues one of Defendants' appeals raises here, and Defendants' second appeal only raises more questions and further complicates any proceedings before this Court until both appeals have been resolved. That, alone, merits a stay.

---

[2] In the interests of brevity, Defendants have attached their 5200-word Petition for Permission to Appeal as Exhibit 1 hereto, rather than repeating its arguments wholesale. To the extent this Court finds those arguments necessary to resolve this Motion, Defendants incorporate their Petition by reference as if set forth in full herein.

## B. The Remaining Three Factors Also Favor and Merit a Stay.

Even if neither of Defendants' appeals raised sufficiently serious legal questions to merit a stay without inquiry into all four factors, those factors also weigh heavily in favor of granting a stay.

*First*, Defendants will suffer irreparable injury absent a stay. Most importantly, unless this Court stays proceedings pending Defendants' appeals, the outcome of those appeals will be rendered largely irrelevant. The purpose of an arbitration provision is, of course, to proceed in arbitration and not in court, and the purpose of a class waiver is to litigate against individuals, not a class. If Defendants are forced to proceed through discovery, pretrial motions, and trial before this Court, they will already have lost most of the benefits of their contracted-for rights, even if the Fifth Circuit ultimately agrees with them on both issues. Contractual rights against litigating in court against a class serve little purpose after that litigation has already occurred. Moreover, Defendants will be forced to spend significant time and resources engaging in class discovery under this Court's rules, motions (both *in limine* and otherwise), and, eventually, trying a case against an entire class to this Court. *See, e.g.*, *Southwest Airlines Co. v. Transp. Workers Union of Amer. AFL-CIO Local 555*, No. 3:16-CV-3536-G, 2018 WL 2317710, *2 (N.D. Tex. May 22, 2018) (finding irreparable injury and granting stay because "[t]he court is sensitive to the significant amount of resources the parties would have to expend [absent a stay] . . . . The court is also mindful of the issues that might ensue should [] proceedings move forward before the Fifth Circuit renders a decision which could effectively moot any such proceeding.").

*Third*, Plaintiffs will not suffer substantial injury if a stay is granted. The mere delays that come with any stay do not suffice. *Id*. Rather, this factor looks to whether a stay "will cause [Plaintiffs] difficulties in presenting [their] case." *Weingarten*, 661 F.3d at 913. Defendants are unaware of any such difficulties, and the only injury Plaintiffs suggested the first time Defendants

6

appealed was that Plaintiffs "faced, and still face, criminal charges and were accused of committing a crime," so supposedly, "[e]very time a background check is run . . . , the criminal charges filed against Plaintiffs could show up and cause substantial injury to Plaintiffs."  ECF No. 46.  They have never offered any evidence to support that assertion, and as has been conclusively proven, Plaintiffs never have "faced" and never will "face[] criminal charges" related to the loans in this case.  *See* ECF No. 90 at 11-14 (granting summary judgment on malicious prosecution claim precisely because "the criminal charges are merely hypothetical").

*Fourth*, the public interest favors a stay.  The Fifth Circuit has agreed that "a public policy of efficient allocation of judicial resources . . . might favor staying district court proceedings where a difficult question is presented on appeal, because the district court's order could be overturned." *Weingarten*, 661 F.3d at 913.  That is precisely the case here.  Absent a stay, this Court (and the parties) will have to spend time and resources (including taxpayer dollars) monitoring this case, resolving discovery disputes, deciding motions, and ultimately trying a case—time and resources that will be wasted if Defendants prevail on appeal.  *See also*, *e.g.*, *Southwest Airlines*, 2018 WL 2317710 at *3 ("[T]he public interest will be served by a swift determination from the Fifth Circuit and by preserving the parties' valuable resources in the interim.").  Moreover, law and policy strongly favor arbitration, *see* ECF No. 37 at 12, and federal law and policy alike favor settlement, particularly of class actions, *Branch v. Fidelity & Cas. Co. of N.Y.*, 783 F.2d 1289, 1294 (5th Cir. 1986) ("Voluntary settlements are favored for they obviate the need for costly and time-consuming litigation."); *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) ("[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.  . . . This policy is also evident in the Federal Rules of Civil Procedure . . . , which encourage facilitating the settlement of cases."); *Int'l Union, United Auto., Aerospace, & Agr.*

*Implement Workers of Amer. v. Gen'l Motors Corp.*, 497 F.3d 615, 632 (6th Cir. 2007) (same); *see also Ritter v. Southhampton Mgmt., Inc.*, No. 4:15-cv-00870, 2016 WL 6948680, *3 (E.D. Tex. Oct. 4, 2016) (Mazzant, J.) ("Texas law favors voluntary settlements . . . ."). But absent a stay here, arbitration will be disfavored and opportunities for settlement will be limited because the parties will be unable to assess their risks and potential liabilities without knowing either the forum in which this case will proceed or whether it will proceed on an individual or class basis.

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court stay all proceedings until the U.S. Court of Appeals for the Fifth Circuit rules on Defendants' appeals of both the arbitration and class certification orders.

Dated:  April 25, 2019                              Respectfully submitted,

                                                             _/s/Jeffrey M. Tillotson_____
                                                             Jeffrey M. Tillotson
                                                             Texas Bar No. 20039200
                                                             jtillotson@tillotsonlaw.com
                                                             Jonathan R. Patton
                                                             Texas Bar No. 24088198
                                                             jpatton@tillotsonlaw.com
                                                             J. Austen Irrobali
                                                             Texas Bar No. 24092564
                                                             airrobali@tillotsonlaw.com
                                                             **TILLOTSON LAW**
                                                             1807 Ross Avenue, Suite 325
                                                             Dallas, Texas 75201
                                                             (214) 382-3041 Telephone
                                                             (214) 501-0731 Facsimile

                                                             Richard Bonner
                                                             State Bar No. 02608500
                                                             Mark N. Osborn
                                                             State Bar No. 15326700
                                                             Shelly W. Rivas
                                                             State Bar No. 24003145
                                                             srivas@kempsmith.com

**KEMP SMITH LLP**
P.O. Box 2800
El Paso, Texas 79999-2800
(915) 533-4424 Telephone
(915) 546-5360 Facsimile

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel Plaintiffs, Daniel Dutko, regarding this motion and that Plaintiffs are opposed to the relief sought herein.

_/s/Jonathan R. Patton_____
Jonathan R. Patton

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was served on all counsel of record on April 25, 2019 via the Court's ECF filing system.

_/s/Jeffrey M. Tillotson_____
Jeffrey M. Tillotson