IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUCINDA VINE, KRISTY POND, on behalf of themselves and for all others similarly situated, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION 4:18-cv-00450 |
| v. | § § | JURY DEMANDED |
| PLS FINANCIAL SERVICES, INC. and PLS LOAN STORE OF TEXAS, INC., | § § § § | |
| Defendants. | § | |

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPEAL**

TO THE HONORABLE COURT:

Plaintiffs Lucinda Vine and Kristy Pond on behalf of themselves and for all other members of the class herein file this Objection to Defendants' Motion to Stay Proceedings Pending Appeal filed by PLS Financial Services, Inc. and PLS Loan Store of Texas, Inc. (collectively "PLS"), and in support show the Court as follows:

### I. SUMMARY OF THE ARGUMENTS

PLS is attempting to appeal the denial of its Motion for Reconsideration of the exact same order denying arbitration it already appealed more than two years ago—and lost. PLS' attempted appeal of the order denying their request to compel arbitration is redundant, improper, and should be dismissed by the Fifth Circuit.

The only other basis for staying this case is PLS' appeal of the class certification pursuant to Rule 23(f). "Stays issued pursuant to Rule 23(f) are discretionary and rare." *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, 2017 WL 3620590, at *4 (S.D. Tex. Aug. 23, 2017) *M.D. v. Perry*, 2011

WL 7047039, *1 (S.D. Tex. July 21, 2011); *In re Mounce*, 2008 WL 2714423, *6 (Bankr. W.D. Tex. July 10, 2008). PLS presented no evidence

Finally, this case should not be stayed because PLS failed to meet its burden to prove the following: a strong showing of a likely success on the merits; that PLS will be irreparably injured absent a stay; that Plaintiffs will not be substantially injured; and whether public interest favors a stay. PLS presented no evidence or affidavits to support any of these requirements and instead relies on conclusory arguments.

## II. HISTORY OF THIS CASE

This case was filed on December 17, 2015. PLS filed motions to dismiss, motions to compel arbitration, motions for reconsideration, a motion for summary judgment, and appealed the order denying their motions to compel arbitration. During their interlocutory appeal, this case was stayed for almost a year.

In the three-and-a-half years this case has been on file, PLS has not been required to answer discovery related to their bad actions or present any witnesses for deposition. Now, with class-action discovery due in one week, PLS is asking this Court to stay these proceedings again.

## III. ARGUMENT & AUTHORITIES

PLS is asking this Court to stay this case pending its appeal of the June 6, 2016 order denying PLS' Motion to Compel Arbitration and pending its Rule 23(f) appeal of this Court's order granting class certification. PLS "bears a heavy burden to show why a stay should be granted". *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co., Inc.,* 761 F.2d 198, 204 (5th Cir. 1985).

In both appeals, this Court should only grant a stay if PLS proved the following: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public

interest lies." *Men v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

PLS must address each of these factors and provide this Court with facts and affidavits supporting these assertions. *State of Ohio ex rel. Celebrezze v. Nuclear Regulatory Com'n*, 812 F.2d 288, 290 (6th Cir. 1987). PLS failed to meet its burden to show why either appeal merits a stay.

### A. Appeal of June 6, 2016 Order PLS Already Appealed – No Likelihood of Success

PLS concedes it is appealing the June 6, 2016 order it already appealed: "Defendants are now appealing again the exact same order, and their current appeal raises the exact same 'serious legal questions'". (Docket #132 at 3). PLS already appealed both the June 6, 2016 order denying PLS' Motion to Compel Arbitration and the order denying PLS' Motion to Reconsider. (Docket #55). On February 23, 2018, the Fifth Circuit affirmed the June 6, 2016 order denying PLS' Motion to Compel Arbitration and order denying PLS' Motion to Reconsider. *Vine v. PLS Fin. Services, Inc.,* 689 Fed. Appx. 800, 801 (5th Cir. 2017).

PLS cites to no law or authority allowing it to appeal an order it already appealed. More importantly, PLS presents no evidence or authority establishing a strong showing that PLS is likely to succeed on the merits.

PLS argues it will succeed on appeal because of *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 113 (Tex. 2018). Even assuming PLS can appeal an order it already appealed, which it cannot, *Cash Biz* has no bearing on the June 6, 2016 Order. The issue decided by Judge Martinez and the Fifth Circuit was waiver. The arbitration clause in this case is governed by the FAA. *Cash Biz* is a state court decision that does not apply to the issue of waiver in this case "Unless the arbitration agreement specifies that state law controls the rules for arbitration, the issue of waiver is decided under federal law." *Texas Nrgize No. 1, Inc. v. Kahala Franchise Corp.*, 2015 WL 3707979, at *2

(D.Ariz. June 15, 2015) (citing *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1269–70 (9th Cir.2002)).

Judge Martinez and the Fifth Circuit, reviewing the case *de novo*, correctly determined PLS waived its right to enforce the arbitration clause by <u>applying federal law</u>, not Texas law. *Vine v. PLS Fin. Services, Inc.*, 226 F. Supp. 3d 719, 727 (W.D. Tex. 2016), reconsideration denied, 226 F. Supp. 3d 708 (W.D. Tex. 2016) and aff'd, 689 Fed. Appx. 800 (5th Cir. 2017); *Vine v. PLS Fin. Services, Inc.*, 689 Fed. Appx. 800, 807 (5th Cir. 2017).

PLS presents no evidence to support its belief that the Fifth Circuit will overturn a Fifth Circuit opinion based on a state court decision with no authority over the issues decided in the original appeal.

**B. Appeal Pursuant to 23(f) – No Likelihood of Success**

"Stays issued pursuant to Rule 23(f) are discretionary and rare." *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, No. CV H-14-3428, 2017 WL 3620590, at *4 (S.D. Tex. Aug. 23, 2017) (Atlas, J.); *see also Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999) (Easterbrook, J.) (denying Rule 23(f) stay and discussing the policies behind Rule 23(f)—that stays under the Rule are disfavored because "interlocutory appeals under Rule 23(f) should not unduly retard the pace of litigation"); *Sumitomo Copper v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134 (2d Cir. 2001) (denying Rule 23(f) stay).

The only issue to be decided in the Rule 23(f) class-action appeal is whether this Court abused its discretion in granting class certification. *Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290, 295 (5th Cir. 2001). PLS' Motion to Stay does not even address abuse of discretion. Instead, PLS agues "the appeal raises serious legal questions". This may be true, but serious legal questions are not determinative as whether this Court abused its discretion or whether the appeal has a strong likelihood for success.

PLS had the burden to prove a strong likelihood of success and PLS failed to meet its burden.

**C. PLS Failed to Prove it Will be "Irreparably Injured" Absent Stay**

A careful reading of PLS' Motion to Stay seems to indicate that PLS is claiming irreparable injury because PLS will "spend significant time and resources" engaging in litigation. According to the Supreme Court: "Mere litigation expense, even substantial and un-recoupable cost, does not constitute irreparable injury." *Renegotiation Bd. v. Bannercraft Clothing Co., Inc.,* 415 U.S. 1, 24, 94 S. Ct. 1028, 1040, 39 L. Ed. 2d 123 (1974); *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 51—52, 58 S.Ct. 459, 464, 82 L.Ed. 638 (1938).

In *Weingarten Realty Inv'rs v. Miller*, Miller made a similar argument to the arguments made by PLS in this case:

> The only grounds for irreparable injury proffered by Miller are that he will 'be required to incur the time and expense of litigation and may lose the benefits of arbitration.' He cites several district court decisions that reason that because speed and cost savings are the primary purpose of arbitration, forcing him to litigate the case when it may be sent to arbitration later by the appellate court defeats the entire point of arbitration.

*Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 913 (5th Cir. 2011).

The Fifth Circuit rejected this argument because litigation expense does not constitute irreparable injury and "we reject the idea that arbitration ensures substantial speed and cost savings, so these considerations alone do not constitute irreparable injury. Thus, the lack of an argued irreparable injury weighs against Miller." *Id*.

PLS argues that defending a class action will be substantial. This argument was also rejected by the Supreme Court:

> [W]e do not doubt that the burden of defending this proceeding will be substantial. But "the expense and annoyance of litigation is 'part of the social burden of living under government.' " *Petroleum*

> *Exploration, Inc. v. Public Service Comm'n*, 304 U.S. 209, 222, 58 S.Ct. 834, 841, 82 L.Ed. 1294 (1938).

*F.T.C. v. Standard Oil Co. of California*, 449 U.S. 232, 244, 101 S. Ct. 488, 495, 66 L. Ed. 2d 416 (1980).

It is not clear from the Motion, but it seems PLS' arguments fall under the category of an annoyance of litigation. Since "annoyance of litigation does not constitute irreparable injury", PLS' arguments fail. *Am. Airlines, Inc. v. Herman*, 176 F.3d 283, 291 (5th Cir. 1999).

### D. Plaintiffs May Suffer Substantial Injury

This case is three-and-a-half years old and PLS still has not engaged in meaningful discovery. None of PLS' representatives have been deposed and PLS has yet to answer discovery related to their actions in reporting borrowers to the district attorney for failure to repay civil loans.

Every day that passes, finding witnesses and class members becomes more difficult. If this case is stayed for another year, it will be more extremely difficult to present this case for trial.

### E. Public Interest Does Not Favor a Stay

As the Court is aware, PLS filed criminal charges against Plaintiffs and hundreds, if not thousands, of other people. PLS knew it was illegal to file criminal charges against Lucinda Vine, Kristy Pond, and all similarly situated Plaintiffs. *See* TEX. FIN. CODE § 393.201(c); and TEX. FIN. CODE § 392.301. PLS made misrepresentations to its borrowers (we will not cash your checks), to District Attorneys' offices (these are not hold or post-dated checks), and to the courts (these are hot checks). PLS illegally used the criminal justice system to collect on civil debts.

The reason PLS wants to stay this case (and wants to send this case to individual arbitration) is because PLS does not want the Court, the public, or anyone to learn the full extent of their activities in filing criminal charges against their customers. Allowing Plaintiffs to conduct written discovery and take depositions could expose further illegal and improper actions on the part of

PLS. PLS may be still filing criminal charges, or threatening criminal charges, against their customers to enforce civil debts.

PLS still provides payday, auto title, and installment loans in Texas and twelve (12) other states.[1] It is in the public's best interest to know if PLS is still trying to put their customers in jail, are still filing criminal charges against customers, and are still violating the laws of this state and the other states where PLS conducts business.

When determining public interests, this Court should look to public safety as well as the likelihood that similar incidents of harm can be prevented in the future. *See State of Ohio ex rel. Celebrezze v. Nuclear Regulatory Com'n*, 812 F.2d 288, 292 (6th Cir. 1987); *United States v. Transocean Deepwater Drilling, Inc.*, 537 Fed. Appx. 358, 365 (5th Cir. 2013).

It in the public's best interest to deny PLS' Motion to Stay and allow Plaintiffs to conduct discovery. If this case is stayed, members of the public may be harmed by the current and future actions of PLS. Therefore, public interest does not favor a stay.

## CONCLUSION

PLS failed to meet its burden to stay this case during the appeal to the Fifth Circuit. Therefore, Defendants' Motion to Stay Proceedings Pending Defendants' Motion to Reconsider and Interlocutory Appeal should be denied.

---

[1] http://pls247.com/il/loans.html

Respectfully submitted,

**RUSTY HARDIN & ASSOCIATES, LLP**

By: /s/ Daniel Dutko
   Russell Hardin, Jr.
     State Bar No. 08972800
     Federal I.D. No. 19424
     rhardin@rustyhardin.com
   Ryan Higgins
     State Bar No. 24007362
     Federal I.D. No. 622060
     rhiggins@rustyhardin.com
   Daniel R. Dutko
     State Bar No. 24054206
     Federal I.D. No. 753525
     ddutko@rustyhardin.com

5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of May, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered parties.

     /s/ Daniel R. Dutko
     Daniel R. Dutko