IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUCINDA VINE, KRISTY POND, on behalf of themselves and for all others similarly situated, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION 4:18-cv-00450 |
| v. | § § | JURY DEMANDED |
| PLS FINANCIAL SERVICES, INC. and PLS LOAN STORE OF TEXAS, INC., | § § § § | |
| Defendants. | § § | |

## LEAD PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, REQUEST FOR APPROVAL OF NOTICE TO THE SETTLEMENT CLASS, AND REQUEST FOR HEARING TO APPROVE FINAL SETTLEMENT

TO THE HONORABLE COURT:

Comes now Lucinda Vine and Kristy Pond, Lead Plaintiffs and Class Representatives, and files this Unopposed Motion for Preliminary Approval of Settlement, Request for Approval of Notice to the Settlement Class, and Request for Hearing to Approve Final Settlement.

### I. INTRODUCTION

The proposed settlement is the culmination of more than five years of litigation, which included, among other things, (1) two appeals by Defendants to the Fifth Circuit; (2) motions to dismiss and compel arbitration as well as several motions for reconsideration of the arbitration motions; (3) motion for summary judgment and two motions for reconsiderations; (4) a motion for class certification; (5) a motion to compel discovery; (6) two motions to stay; (7) extensive discovery including production of thousands of pages of documents and subpoenas to third-parties; (8) at least eight in-person hearings in El Paso, Texas; (9) depositions of the Class Representatives and corporate representative of Defendants; and (10) arm's-length negotiations.

Plaintiff's Unopposed Motion for Preliminary Approval of Settlement
Request for Approval of Notice to the Settlement Class and Request
For Hearing to Approve Final Settlement                                                                                      PAGE 1

After extensive discovery, it was determined by the parties there are 177 class members. (Ex. 1, Sworn Declaration of Lead Class Counsel). In 2016, all the class members were repaid their full loan amounts by Defendants. *Id*. This means the Class Members' actual damages are limited to DA Service Fees and DA Merchant Fees. (See Ex. 2). These fees are between $60.00 to $105.00 for each Class Member. *Id*.

## II. PROPOSED SETTLEMENT

Lead Plaintiffs ask this Court to approve the following settlement. The settlement is reasonable in light of the damages of the Class Members. The proposed settlement is as follows:

1. $1,500.00 for each of the 177 Class Members.

2. $15,000.00 for each of the two Class Representatives.

3. Attorneys' fees of $554,500 using the Lodestar method (which is less than the actual attorneys' fees incurred in this case).

4. Expenses of $50,000 (which is less than the actual expenses incurred in this case).

5. Any funds not claimed by December 31, 2022, will go to the non-profit organization, Texas Appleseed.

Lead Plaintiffs believe this settlement is very reasonable in light of the evidence in this case. Each of the Class Member were already paid back the full amount of their loan by PLS. (Ex. 1). The Class Members' actual damages in this case are between $60.00 to $105.00 (Ex. 2). None of the Class Members were charged with a crime and none have long term repercussions related to the actions of PLS. (Ex. 1).

## III. PROCEDURAL HISTORY

In December of 2015, Plaintiffs filed this lawsuit in state court. It was removed in January of 2016. Plaintiffs filed an amended complaint in March of 2016. (Dkt #1).

In March of 2016, Defendants filed motions to dismiss and motions to compel arbitration.

Plaintiff's Unopposed Motion for Preliminary Approval of Settlement
Request for Approval of Notice to the Settlement Class and Request
For Hearing to Approve Final Settlement                                                PAGE 2

(Dkt #18 and #19). The motions were denied in June of 2016. (Dkt #37). Defendants filed motions for reconsideration and these motions were denied. (Dkt #39 and #53).

In August of 2016, Defendants filed an interlocutory appeal of the denial of the motions to compel arbitration. (Dkt #55). While the case was appealed to the Fifth Circuit, the underlying case was stayed. (Dkt #53).

The Fifth Circuit affirmed the denial of the motions to compel arbitration and the case was sent back to the trial court in June of 2017. (Dkt #59).

In September of 2017, Plaintiffs filed their second amended complaint (Dkt #76) and Defendants answered the complaint in October of 2017.

In October of 2017, Defendants moved for summary judgment. (Dkt #83). In January of 2018, the trial court denied in-part and granted in-part, the summary judgment. (Dkt #90).

In May of 2016, the trial court in El Paso, Texas requested briefing on whether the case should be transferred to the Eastern District. (Dkt #99). After briefing, the trial court in El Paso transferred the case to this Court. (Dkt #102).

In July of 2018, Plaintiffs moved for class certification. (Dkt #109). Defendants filed another motion for reconsiderations asking the court to reconsider the orders denying arbitration, denying the motions to dismiss, and denying summary judgment. (Dkt #110). The trial court denied Defendants' motions for reconsideration. (Dkt #125).

In March of 2019, the trial court granted class certification. (Dkt #127).

In April of 2019, Defendants appealed the order granting class certification and order denying arbitration, denying the motions to dismiss, and denying summary judgment. (Dkt #129). Defendants filed a motion to stay the underlying proceedings. (Dkt #132). The trial court denied the motion to stay. (Dkt #148).

In May of 2019, Plaintiffs filed a motion to compel discovery. (Dkt #125). After a

Plaintiff's Unopposed Motion for Preliminary Approval of Settlement
Request for Approval of Notice to the Settlement Class and Request
For Hearing to Approve Final Settlement                                            PAGE 3

telephonic hearing, the trial court granted in-part and denied in-part the motion to compel discovery. (Dkt #150). As a result of the trial court's order, Defendants produced a large number of documents.

In April of 2020, the Fifth Circuit affirmed the order granting class certification and order denying arbitration, denying the motions to dismiss, and denying summary judgment. (Dkt #151).

In February of 2021, Plaintiffs asked for leave to file a third amended complaint. (Dkt #166). Leave was granted and Plaintiffs filed their third amended complaint. (Dkt #169).

This case was set for trial on August 30, 2021. (Dkt #172). The parties filed proposed joint pretrial order. (Dkt #179). Plaintiffs filed their motions in limine. (Dkt #177).

In August of 2021, after extensive arms-length negotiations, the parties agreed to a settlement, pending court approval.

## IV. THE SETTLEMENT MEETS THE STANDARDS FOR PRELIMINARY APPROVAL UNDER RULE 23(e)

Federal Rule of Civil Procedure 23(e) requires judicial approval for any compromise or settlement of class action claims. See Fed. R. Civ. P. 23(e). The decision to grant preliminary approval to a proposed settlement is a matter within the sound discretion of the district court. *See Newby v. Enron Corp.,* 394 F.3d 296, 300 (5th Cir. 2004) ("[a] district court's approval of a class action settlement may be set aside only for abuse of discretion"). In assessing the preliminary approval of a class action settlement, a court must first evaluate the fairness of the proposed settlement terms. If the court determines that the settlement is fair, it then directs notice to class members of a fairness hearing to adjudicate final approval and dismissal. *See McNamara v. Bre-X Minerals Ltd.*, 214 F.R.D. 424, 426 (E.D. Tex. 2002) (noting preliminary approval involves this "two-step process").

The standards for preliminary approval of a class action settlement are "not as stringent as those applied to a motion for final approval." *In re OCA, Inc. Secs. & Derivative Litig.*, 2008

Plaintiff's Unopposed Motion for Preliminary Approval of Settlement
Request for Approval of Notice to the Settlement Class and Request
For Hearing to Approve Final Settlement                                                                 PAGE 4

WL 4681369, at *11 (E.D. La. Oct. 17, 2008). When a class action settlement "discloses no reason to doubt its fairness, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, does not grant excessive compensation to attorneys, and appears to fall within the range of possible approval, the court should grant preliminary approval." *See id.; see also McNamara*, 214 F.R.D. at 430 (same).

The key factor in deciding whether to approve a proposed settlement is a finding that it is fair, adequate and reasonable. *See Newby*, 394 F.3d at 301 (the gravamen of the inquiry is whether the proposed settlement is "fair, adequate, and reasonable and is not the product of collusion between the parties").

The Fifth Circuit has established a six-part test to determine the fairness of a proposed settlement: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members." *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983).

In weighing these factors, the court should also consider the strong public policy favoring the settlement of class action lawsuits. *See, e.g., In re Deepwater Horizon*, 739 F.3d 790, 807 (5th Cir. 2014) (noting an "overriding public interest in favor of settlement that we have recognized [p]articularly in class action suits"); *Schwartz v. TXU Corp.*, 2005 WL 3148350, at *17 (N.D. Tex. Nov. 8, 2005) (recognizing the "public interest in favor of settlement of class action lawsuits"). The proposed Underwriter Settlement easily satisfies the standards for preliminary approval in this Circuit and meets the favored public policy goal of resolving securities class action claims. Indeed, while factors A through F below are typically applied at final settlement approval, their satisfaction here demonstrates that the Underwriter Settlement is fair and should be preliminarily approved.

Plaintiff's Unopposed Motion for Preliminary Approval of Settlement
Request for Approval of Notice to the Settlement Class and Request
For Hearing to Approve Final Settlement                                                                                  PAGE 5

### A. There Is No Fraud or Collusion Behind the Settlement

There is a strong presumption of fairness when a proposed class action settlement is reached through arm's-length negotiations between experienced counsel following "meaningful discovery." *See In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1063-65 (S.D. Tex. 2012) (approving settlement where parties negotiated resolution for over three months and conducted confirmatory discovery to gauge the strengths and weaknesses of the case). The extensive process by which this settlement was reached demonstrates that it is fair and devoid of any deficiencies.

The settlement was agreed upon only after extensive arm's-length negotiations by experienced counsel who had been litigating this action since its inception. (Ex. 1, declaration of Plaintiffs' lead class counsel). Plaintiffs' lead counsel, and his law firm, have years of experience litigating large lawsuits and class actions. Defendants were similarly represented by a law firm with a well-deserved nationwide reputation for their tenacious defense of cases including class actions. The settlement was reached after multiple rounds of negotiations with approval by the Class Representatives and Defendants' representatives. There is no doubt that all Class Members were fairly and adequately represented throughout the course of the settlement negotiations. (Ex. 1).

"The Court may presume that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Klein v. O'Neal, Inc*., 705 F. Supp. 2d 632, 650 (N.D. Tex. 2010), as modified (June 14, 2010), judgment entered (June 18, 2010), enforcement denied, 7:03-CV-102-D, 2011 WL 2413318 (N.D. Tex. June 15, 2011) (quoting *Liger v. New Orleans Hornets NBA Ltd. P'ship*, Civ. A. No. 05–1969, 2009 WL 2856246, at *3 (E.D.La. Aug. 28, 2009)). There is a presumption of fairness due to the arms-length negotiations. *See In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1063-65 (S.D. Tex.

Plaintiff's Unopposed Motion for Preliminary Approval of Settlement
Request for Approval of Notice to the Settlement Class and Request
For Hearing to Approve Final Settlement                                                                 PAGE 6

2012).

Counsel for Plaintiffs sent an initial demand in 2019. (Ex. 1, declaration of Plaintiffs' lead class counsel). In July of 2021, the parties began serious settlement negotiations. *Id*. These negotiations continued through July and August of 2021. *Id*. After many rounds of negotiations, the parties began getting closer to numbers that would work for both sides. *Id*. Finally, the parties reached this proposed settlement in late August. *Id*.

Accordingly, there was no fraud or collusion among the parties, or any other deficiencies in the process through which the settlement was obtained. *See, e.g., Billitteri v. Sec. Am., Inc.*, 2011 WL 3586217, at *10 (N.D. Tex. Aug. 4, 2011) (finding no fraud or collusion in settlement reached through counsel's diligent arm's-length negotiations).

### B. The Complexity, Expense, And Likely Duration of The Litigation Warrants Preliminary Settlement Approval

Preliminary approval is also appropriate given the complexity, duration, and risks of further litigation. Continued litigation of the claims against the Defendants would undoubtedly require significant additional expenditures of time and resources, including additional depositions and a week-long trial. Weighing this against the risk that the Class Members could recover far less than provided for in the settlement, counsel for the Class believe settlement is warranted.

It is Defendants' contention that the two employees who reported the Class Members to the district attorneys were employed by Defendant PLS Loan Store of Texas, not the parent company PLS Financial Services. PLS Loan Store of Texas was never profitable and ultimately went out of business. Therefore, one of the issues at trial would be proving alter ego. If Plaintiffs were successful at convincing a jury that alter ego applied, there is no doubt that Defendants would appeal this decision as evidence by the fact they already appealed this case two times.

In sum, if the claims against the Defendants were tried to conclusion rather than settled, there is a tangible risk of obtaining a judgment against a defendant with no resources to pay the

Plaintiff's Unopposed Motion for Preliminary Approval of Settlement
Request for Approval of Notice to the Settlement Class and Request
For Hearing to Approve Final Settlement                                                                 PAGE 7

judgment. To overcome this, Plaintiffs would need to prove alter ego and then spend the next year or two at the Fifth Circuit. The complexity, expense, and duration of continued litigation and trial and appeal against Defendants supports the preliminary approval of the Underwriter Settlement.

### C. The Stage of The Proceedings Warrants Preliminary Settlement Approval

The advanced stage of the litigation against Defendants also heavily favors a presumption that the settlement is fair. As noted above, the claims against these Defendants were vigorously contested by counsel over the course of more than five years. The parties engaged in extensive pre-trial motion practice, including (i) motions to dismiss and compel arbitration as well as several motions for reconsideration of the arbitration motions; (ii) motion for summary judgment and two motions for reconsiderations; (iii) a motion for class certification; (iv) a motion to compel discovery; and (v) two motions to stay.

Plaintiffs, through Lead Counsel, also conducted a thorough investigation and analysis of facts concerning the claims, defenses, and u events that are at issue in this case. This discovery included, among other things: (i) the review and analysis of more than 10,000 pages of documents produced by Plaintiffs, Defendants and third parties; and (ii) the depositions of the Class Representatives and Defendants' corporate representative. In addition, Plaintiffs' counsel interviewed numerous potential witnesses including prosecutors from the Collin County and Dallas County district attorneys' office as well as representatives from the Texas OCCC.

Counsel's extensive work on the case gives them a detailed understanding of the strengths and weaknesses of the claims against the Defendants. The Settling Parties were therefore able to fully evaluate the claims and agree on a settlement that is fair, reasonable and adequate to the Class.

Plaintiff's Unopposed Motion for Preliminary Approval of Settlement
Request for Approval of Notice to the Settlement Class and Request
For Hearing to Approve Final Settlement                                                                                 PAGE 8

### D. Probability Of Success on Merits Supports Preliminary Settlement Approval

The probability of success on the merits of Plaintiffs' claims against the solvent Defendant further supports preliminary approval of the settlement. Plaintiffs faced legal and factual obstacles in proving that PLS Loan Store of Texas was the alter ego of PLS Financial Services. They are separate companies and incorporated separately. The most difficult requirement would be if Plaintiffs were required to prove that PLS Loan Store of Texas was formed to perpetrate an actual fraud on Plaintiffs. Indeed, there is a risk that Plaintiffs might fail to convince the jury of the merits of the alter ego allegations.

Additionally, all Class Members were individuals who borrowed money and failed to pay back their loans. While they were reported to the DA's offices, they were never prosecuted and never faced criminal charges. All of the Class Members had their loans amounts paid back by Defendants. And only have between $60.00 to $105.00 in actual out-of-pocket damages. Given these challenges, the settlement represents a significant recovery that will immediately benefit the Class.

When measured against the potential uncertainty of continued litigation with the Defendants, the amount to be paid to each Class Member weighs heavily in favor of approval.

### E. The Settlement Is Well Within the Range of Reasonableness

In assessing whether a settlement falls within the range of reasonableness, courts should compare the settlement recovery against the possible recovery if the case proceeded to trial. *See In re Chicken Antitrust Litig. Am. Poultry*, 669 F.2d 228, 239 (5th Cir. 1982) (inquiry "should contrast settlement rewards with likely rewards if the case goes to trial").

Under the proposed settlement, each Class Member gets $1,500.00 which is fifteen times more than their actual out-of-pocket damages. While they each suffered some aggravation in paying the DA's offices after receiving a letter, none of them faced actual criminal charges and

Plaintiff's Unopposed Motion for Preliminary Approval of Settlement
Request for Approval of Notice to the Settlement Class and Request
For Hearing to Approve Final Settlement                                                                 PAGE 9

none of them have a criminal record as a result of Defendants.

Plaintiffs submit this is a substantial recovery and is especially so when balanced against the attendant risks of continued litigation with the Defendants. Indeed, there is no guarantee the Class would be able to prove liability or establish damages in excess of $105.00 each. In contrast, the substantial and immediate benefit the settlement brings to the Class makes it well within the range of reasonableness. *See In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 228 F.R.D. 541, 566 (S.D. Tex. 2005) ("The settlement at this point would save great expense and would give the Plaintiffs hard cash, a bird in the hand.").

### F. Lead Counsel Believe the Settlement Is Fair and Reasonable

Given their thorough understanding of the case, courts generally "give weight to class counsel's opinion regarding the fairness of the settlement." *Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 852 (E.D. La. 2007); *see also Schwartz*, 2005 WL 3148350, at *21 ("where the parties have conducted an extensive investigation, engaged in significant fact-finding and Lead Counsel is experienced in class-action litigation, courts typically 'defer to the judgment of experienced trial counsel who has evaluated the strength of [the] case'").

As noted above, Lead Counsel have considerable experience litigating complex litigation. They have also conducted a thorough fact-finding investigation into the claims against Defendants and have a keen understanding of the strengths and risks attendant to these claims. Based on this understanding, and after substantial arm's-length negotiations with counsel for the Defendants, Lead Counsel have concluded that the settlement is fair, reasonable and adequate to the Class. The settlement warrants the Court's preliminary approval for this additional reason.

### G. Settlement Treats All Class Members Fairly and Grants No Preferential Treatment

The settlement does not grant preferential treatment to any segment of the Class. The Class Representatives receive more because they were deposed and were preparing to testify at

Plaintiff's Unopposed Motion for Preliminary Approval of Settlement
Request for Approval of Notice to the Settlement Class and Request
For Hearing to Approve Final Settlement                                                                                                    PAGE 10

trial. Other than this, all remaining Class Members receive exactly the same amount of money.

### H.  The Requested Attorneys' Fees and Expenses Are Fair and Reasonable

Lead Counsel intends to apply for an attorneys' fee award in an amount of $554,500, which is less than that total attorneys' fees incurred by Plaintiffs in this case. Plaintiffs' counsel has put more than 2,000 hours into this case including the following: (1) two appeals by Defendants to the Fifth Circuit; (2) motions to dismiss and compel arbitration as well as several motions for reconsideration of the arbitration motions; (3) motion for summary judgment and two motions for reconsiderations; (4) a motion for class certification; (5) a motion to compel discovery; (6) two motions to stay; (7) extensive discovery including production of thousands of pages of documents and subpoenas to third-parties; (8) at least eight in-person hearings in El Paso, Texas; (9) depositions of the Class Representatives and corporate representative of Defendants; and (10) arm's-length negotiations. (Ex. 1, declaration of Plaintiffs' lead class counsel).

Applying the Lodestar method, Plaintiffs' attorneys' fees are higher than the $554,500 requested in this settlement. At $500 per hours (Plaintiffs' counsel's current rate is $850 per hour), the 2000 hours worked would equal $1,000,000. (Ex. 1, declaration of Plaintiffs' lead class counsel). Plaintiffs' counsel is willing to accept less because the settlement is fair to the Class Members.

The fact that the legal issues presented in this litigation are novel, and difficult, requiring considerable legal sophistication and skill, militates in favor of the proposed fee award. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

### V.  THE PROPOSED NOTICE TO THE CLASS SATISFIES RULE 23 AND DUE PROCESS REQUIREMENTS

"The standard for the adequacy of a settlement notice in a class action under either the Due Process Clause or the Federal Rules is measured by reasonableness." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 113-114 (2d Cir. 2005). "There are no rigid rules to determine

Plaintiff's Unopposed Motion for Preliminary Approval of Settlement
Request for Approval of Notice to the Settlement Class and Request
For Hearing to Approve Final Settlement                                                                                     PAGE 11

whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements." *Id*. To pass muster a class notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1096 (5th Cir. 1977). This standard is satisfied if the notice "fairly apprise[s] the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with [the] proceedings," *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982) (internal quotation marks and brackets omitted), and may "be understood by the average class member." *Wal-Mart Stores, Inc.,* 396 F.3d at 114. Moreover, in the case of a non opt out class under Rule 23(b)(1) or (b)(2) the Rules do not specify any specific content or form. "Rule 23 requires only such unspecified 'appropriate notice' as 'the court may direct.'" *In re AOL Time Warner ERISA Litig.*, No. 02-8853, 2006 WL 2789862, at *10 (S.D.N.Y. Sept. 27, 2006) (quoting Fed. R. Civ. P. 23(c)(2)(A)); accord, *In re Global Crossing*, 225 F.R.D. at 448.

In the present case the Notice attached as Exhibit 3, which the parties propose to disseminate to members of the settlement class is more than adequate to apprise class members of the nature of the settlement and the options available to them and therefore clearly meets the requirements of Rule 23 and due process. The notice describes the terms of the settlement, the considerations of Plaintiffs' Counsel which led them to conclude that the Settlement was fair and adequate, the maximum counsel fees, the manner in which the settlement recovery will be allocated among class members, the procedures for objecting, and the date and place of the hearing. *Id.*

Additionally, the parties propose to distribute the notice in multiple ways in the best possible manner available under the circumstances. Those class members that have a valid email address will receive the Notice by email and U.S. Mail. Class members for whom TXU does not have a valid email address will receive the Notice by U.S. Mail at their last known address more

Plaintiff's Unopposed Motion for Preliminary Approval of Settlement
Request for Approval of Notice to the Settlement Class and Request
For Hearing to Approve Final Settlement                                                                 PAGE 12

than 45 days prior to the hearing. Finally, the notice will be published in the Dallas Morning News and the Fort Worth Star Telegram.

Here, the form and method of notice of proposed settlement agreed to by the parties satisfies all due process considerations and meets the requirements of Rule 23(e)(1)(B). The proposed notice forms describe in plain English (i) the terms and operation of the Settlement; (ii) the nature and extent of the release; (iii) the maximum counsel fees and class representative compensation that may be sought; (iv) the procedure and timing for objecting to the settlement; and (v) the date and place of the fairness hearing. Similar notice plans utilized in the settlement of analogous actions have been judicially approved as appropriate, fair and adequate. *See, e.g. In re Sprint Corp. ERISA Litig.*, 443 F. Supp. 2d 1249 (D. Kan. 2006) (giving final approval of settlement including notice plan); *In re ADC Telecomms., Inc. ERISA Litig.*, No. 03-cv-2989, slip op. (D. Minn. Oct. 16, 2006) (order granting final approval for notice plan) (Prel.Set.000106-10); *In re AOL Time Warner*, 2006 WL 2789862; *In re Westar Energy Inc., ERISA Litig.*, No. 03-CV-4032, slip op. (D. Kan. July 27, 2006) (final order noting adequacy of similar notice plan) (Prel.Set.000111-18); *Rankin v. Rots*, 2006 U.S. Dist. LEXIS 45706, at *13-14. As such, the proposed notice forms satisfy the requirements of due process. *See* Newberg on Class Actions § 8.34 (4th ed. 2002).

Finally, the notice will be accompanied by a Claims Form that the Class Members will use to claim the funds. (Ex. 4, Claims form). The Class Members will be allowed to submit the claims for by email or mail to Class Counsel.

## VI. CONCLUSION

The Settlement is a good result for the Class in this class action. It is the product of lengthy, hard-fought negotiations between experienced counsel familiar with the underlying facts and applicable law in the litigation. Accordingly, Counsel for Lead Plaintiffs respectfully requests the

Plaintiff's Unopposed Motion for Preliminary Approval of Settlement
Request for Approval of Notice to the Settlement Class and Request
For Hearing to Approve Final Settlement                                    PAGE 13

Court (1) enter the Preliminary Approval Order preliminarily approving the Settlement, and directing that notice of the Settlement be sent to class members; and (2) set a fairness hearing along with deadlines for Plaintiffs' Counsel to file and serve a motions for final approval of the proposed Settlement and for approval of an award of attorneys' fees and expenses to Plaintiffs' Counsel and settlement amounts to the Named Plaintiffs.

Attorneys for Plaintiffs:

/s/ *Daniel Dutko*
Daniel Dutko

Russell Hardin, Jr.
Bar No. 08972800
Federal I.D. No. 19424
rhardin@rustyhardin.com
Ryan Higgins
Bar No. 24007362
Federal I.D. No. 622060
rhiggins@rustyhardin.com
Daniel R. Dutko
Bar No. 24054206
Federal I.D. No. 753525
ddutko@rustyhardin.com
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800

## CERTIFICATE OF CONFERENCE

On September 27, 2021, counsel for Defendants said Defendants are unopposed to this Motion and the requests made therein.

/s/ *Daniel R. Dutko*
Daniel R. Dutko

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered parties.

/s/ *Daniel R. Dutko*
Daniel R. Dutko

Plaintiff's Unopposed Motion for Preliminary Approval of Settlement
Request for Approval of Notice to the Settlement Class and Request
For Hearing to Approve Final Settlement                                                                                      PAGE 14